**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERTO S.,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br>Defendant. | Case No. 2:25-cv-04632-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION**

On May 22, 2025, plaintiff Alberto S. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of supplemental security income ("SSI"). The parties have fully briefed the issues in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents two disputed issues for decision, whether the administrative law judge's ("ALJ's") residual functional capacity ("RFC") determination is supported by

substantial evidence and whether the ALJ properly considered plaintiff's subjective symptom testimony. Plaintiff's Brief ("P. Mem.") at 1-7; *see* Defendant's Brief at 2-7.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly incorporated plaintiff's handling limitation into his RFC assessment and properly considered plaintiff's subjective testimony. Consequently, the court affirms the decision of the Commissioner denying benefits.

**II.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was 40 years old on his alleged disability onset date. AR at 50. Plaintiff has an eleventh grade education and no past relevant work. AR at 23, 44, 199.

On February 2, 2023, plaintiff filed an application for SSI, alleging an onset date of June 1, 2020 due to deformed hands and feet, missing toes on left foot, and hepatitis C. AR at 50. The application was denied initially and upon reconsideration, after which plaintiff filed a request for hearing. AR at 70-81.

On February 12, 2025, plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. AR at 31-49. The ALJ also heard testimony from a vocational expert, Andrew Byrne. AR at 44-48. On February 21, 2025, the ALJ denied plaintiff's claim for benefits. AR at 17-25.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since February 2, 2023, the application date. AR at 19.

At step two, the ALJ found plaintiff suffered from the severe impairments of congenital deformities of the left hand and bilateral feet. *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. AR at 20.

The ALJ then assessed plaintiff's residual functional capacity,[1] and determined plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with limitations. AR at 20. Plaintiff could: lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; frequently climb ramps and stairs, balance, stoop, and kneel; occasionally crouch and crawl; and occasionally handle with the left upper extremity. AR at 20-21. The ALJ precluded plaintiff from: climbing ladders, ropes, or scaffolds; fingering with the left upper extremity; and even moderate exposure to hazards. *Id.*

The ALJ found, at step four, that plaintiff had no past relevant work. AR at 23.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that plaintiff could perform, including parking lot attendant, parking lot signaler, and flagger. AR at 23-24. Consequently, the ALJ concluded that plaintiff does not suffer from a disability as defined by the Social Security Act. AR at 25.

Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on April 4, 2025. AR at 1-4.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

### A The RFC Determination Is Supported by Substantial Evidence

Plaintiff argues the ALJ's RFC determination is unsupported by substantial evidence. P. Mem. at 2-5. Specifically, plaintiff contends the ALJ found consultative examiner Dr. Michaela Gruzensky's opinion persuasive but failed to include her opined limitation to occasional gross handling with the left hand in the RFC determination. *Id.* at 4-5. Plaintiff argues this error is harmful because the jobs identified by the vocational expert all require frequent handling. *Id.* at 5.

Residual functional capacity is what one can "still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments. 20 C.F.R. § 416.945(a)(1)-(2); *see* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *2 ("In assessing RFC, the adjudicator must consider limitations and

restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Among the evidence an ALJ relies on in an RFC assessment is medical evidence and opinions. 20 C.F.R. § 416.945(a)(3). An ALJ considers the persuasiveness of the medical opinions and findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion. 20 C.F.R. § 416.920c(b)-(c). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). The ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). The ALJ may, but generally is not required to, explain how she or he considered the other three factors. 20 C.F.R. § 416.920c(b)(2). But when two or more medical opinions "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is then required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 416.920c(b)(3).

Here, in reaching the RFC assessment, the ALJ found the opinion of Dr. Gruzensky persuasive. AR at 23. Among other things, Dr. Gruzensky opined that plaintiff can never do fine manipulation and can occasionally do gross manipulation with the left hand. AR at 712. The only dispute is whether the ALJ incorporated Dr. Gruzensky's opined limitation of occasional gross manipulation of the left hand into plaintiff's RFC. Plaintiff argues the ALJ erred because he failed to explain why he did not include a limitation to occasional gross handling. AR at 4-5. Plaintiff's assertion is wholly without merit. The RFC determination plainly states plaintiff "can occasionally handle with the left upper extremity." AR at 20-21.

Plaintiff further argues the positions identified by the vocational expert at step five "all require at least frequent handling." AR at 5. Again, plaintiff's argument is conclusory and without support. None of the Dictionary of Occupational Titles ("DOT") descriptions of the jobs identified by the vocational expert at step five state that frequent handling is required, much less with both hands. *See* DOT 915.473-010, 915.667-014, and 372.667-022.

As such, the RFC determination is supported by substantial evidence.

**B. <u>The ALJ Properly Considered Plaintiff's Subjective Symptom Testimony</u>**

Plaintiff argues the ALJ failed to properly consider his subjective symptom testimony. P. Mem. at 5-7. Specifically, plaintiff contends the ALJ did not provide clear and convincing reasons for discounting his symptom testimony. *See id*.

The court looks to Social Security Ruling ("SSR") 16-3p for guidance on evaluating plaintiff's alleged symptoms.[2] In adopting SSR 16-3p, the Social Security Administration sought to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

> [SSR 16-3p] makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms, and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness.

---

[2] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

*Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (cleaned up).

To evaluate a claimant's symptom testimony, the ALJ engages in a two-step analysis. *Christine G. v. Saul*, 402 F. Supp. 3d 913, 921 (C.D. Cal. 2019) (citing *Trevizo,* 871 F.3d at 678). First, the ALJ must determine whether the claimant produced objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Id*. Second, if the claimant satisfies the first step and there is no evidence of malingering, the ALJ must evaluate the intensity and persistence of the claimant's symptoms and determine the extent to which they limit her ability to perform work-related activities. *Id*.

In assessing intensity and persistence, the ALJ may consider: the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to alleviate the symptoms; other treatment received; other measures used to relieve the symptoms; and other factors concerning the claimant's functional limitations and restrictions due to the symptoms. *Id*. (citing 20 C.F.R. § 416.929); SSR 16-3p at *4; *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). To reject the claimant's subjective symptom statements at step two, the ALJ must provide "specific, clear, and convincing" reasons, supported by substantial evidence in the record, for doing so. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281, 1283-84.

At the first step, the ALJ here found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR at 21. At the second step, because the ALJ did not find any evidence of malingering, the ALJ was required to provide clear and convincing reasons for discounting plaintiff's testimony. The ALJ discounted plaintiff's testimony because his statements were not entirely consistent with the medical and non-medical evidence, specifically: (1) plaintiff sought little treatment; and (2) his testimony was inconsistent with the objective medical findings. AR at 21-22.

At the hearing, plaintiff testified he could only stand and walk 30 minutes at a time because he had a balance problem due to a lack of sensation on the bottom of his right foot and only two or three toes on his left foot. AR at 40-42. Plaintiff acknowledged he has orthopedic shoes. AR at 41. Plaintiff also testified that he can only sit for about an hour because his legs get numb. AR at 42. Finally, plaintiff testified that he can't really do anything with his left hand, but noted he is righthanded. AR at 36, 43.

First, the ALJ discounted plaintiff's testimony because the record reflects limited treatment. AR at 21; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (in assessing subjective testimony, the ALJ may consider the unexplained failure to seek treatment). As the ALJ recounted, plaintiff testified to significant limitations resulting from a lack of sensation in his right foot, balance issues, and numbness is his legs from sitting. AR at 21, 40-42. But the records reflect only treatment for acute injuries during the relevant period, specifically for an ulcer on plaintiff's right foot, cellulitis on the right leg, and trauma to the left foot from dropping a tree cutter on it. *See* AR at 407-835. Plaintiff did not seek treatment for the alleged limitations. *See id.*

The ALJ's second reason for discounting plaintiff's testimony was the limitations are not supported by the objective medical evidence. AR at 22-24; *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (the lack of corroborative objective medical evidence may be one factor in evaluating a claimant's subjective testimony). The ALJ noted the imaging reflected deformities in the feet and left hand, and physicians observed the scars from prior surgical procedures. AR at 22; *see, e.g.,* AR at 526-27, 622, 710, 797, 803. But the ALJ also noted that the record reflected stable medical findings and doctors observed plaintiff with a normal gait and station. AR at 22; *see* AR at 709, 794; *see also* AR at 686, 777, 794 (plaintiff was ambulatory and exhibited normal movement). The ALJ may reasonably conclude these objective examination findings are inconsistent with plaintiff's alleged standing, walking, and sitting limitations and the court will not substitute its judgment.

Accordingly, the ALJ cited two clear and convincing reasons supported by substantial evidence for discounting plaintiff's subjective testimony.

## V.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

Dated: September 30, 2026

SHERI PYM
United States Magistrate Judge